**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Western District of Pennsylvania**

_____
(State)

Case number *(if known)*: _____  Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | rue21, inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **25-1311645** |

**4.  Debtor's address**

**Principal place of business**

**800 Commonwealth Drive**
Number        Street

**Warrendale, Pennsylvania 15086**
City                    State      Zip Code

**Allegheny County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                    State      Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                    State      Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.rue21.com** |

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    rue21, inc.
Name

Case number *(if known)*

---

**7.  Describe debtor's business**

A.  *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4481**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check all that apply:*

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No

☐  Yes.    District _____  When _____  Case number _____
                                              MM/DD/YYYY

              District _____  When _____  Case number _____
                                              MM/DD/YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐  No

☒  Yes.    Debtor  **See Rider 1**    Relationship  **Affiliate**

              District  **Western District of Pennsylvania**    When  **May 15, 2017**
                                                                                    MM / DD / YYYY

              Case number, if known _____

---

Debtor     rue21, inc.

Name                                           Case number *(if known)*

---

| **11. Why is the case filed in *this* district?** | *Check all that apply:* |
|---|---|
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

     **Why does the property need immediate attention?** (*Check all that apply.*)

     ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

         What is the hazard? _____

     ☐ It needs to be physically secured or protected from the weather.

     ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

     ☐ Other _____

     **Where is the property?** _____

                                   Number       Street

     _____

                       City             State    Zip Code

     **Is the property insured?**

     ☐ No

     ☐ Yes.    Insurance agency _____

                   Contact name _____

                   Phone _____

---

## Statistical and administrative information

---

| **13. Debtor's estimation of available funds** | *Check one:* |
|---|---|
| | ☐ Funds will be available for distribution to unsecured creditors. |
| | ☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | rue21, inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**16. Estimated liabilities**

☐ $0-$50,000      ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☐ $10,000,001-$50 million      ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000      ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million      ☐ $100,000,001-$500 million      ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __May 15, 2017__
         MM/ DD / YYYY

✗   __/s/ Todd M. Lenhart__          __Todd M. Lenhart__
   Signature of authorized representative of debtor      Printed name

Title   **Senior Vice President, Treasurer, Chief Financial Officer, and Chief Accounting Officer**

---

**18. Signature of attorney**

✗   __/s/ Eric A. Schaffer__      Date   __May 15, 2017__
   Signature of attorney for debtor         MM/ DD/YYYY

**Eric A. Schaffer**
Printed name

**Reed Smith LLP**
Firm name

**225 Fifth Avenue**
Number        Street

**Pittsburgh**          **PA**      **15222**
City          State      ZIP Code

**(412) 288-4202**          **eschaffer@reedsmith.com**
Contact phone          Email address

**PA I.D. #30797**          **PA**
Bar number          State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the :

**Western District of Pennsylvania**
_____
(State)

Case number *(if known):* _____    Chapter __11__

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Western District of Pennsylvania for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of rue21, inc.

- rue21, inc.
- Rhodes Holdco, Inc.
- r services llc
- rue services corporation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| rue21, inc., | ) | Case No. 17-_____ (___) |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |
| rue21, inc., | ) | |
| | ) | Docket No. |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| No Respondent. | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| rue21, inc. | Rhodes Holdco Inc. | 601 Lexington Avenue New York, New York 10022 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re: | ) |
| | ) |
| rue21, inc., | )    Case No. 17-_____ (___) |
| | ) |
| Debtor. | )    Chapter 11 |
| | )    (Joint Administration Requested) |
| rue21, inc., | ) |
| | )    Docket No. |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| No Respondent. | ) |
| | ) |
| Respondent. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| APAX VIII Funds | 98.3% |
| Rhodes Topco Inc. | 100% |
| Rhodes Midco Inc. | 100% |
| Rhodes Sub LLC | 100% |
| Rhodes Holdco Inc. | 100% |

Fill in this information to identify the case and this filing:

Debtor Name         **rue21, inc.**

United States Bankruptcy Court for the:         **Western District of Pennsylvania**
                                                             (State)
Case number (If known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors         12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ **List of Equity Security Holders, Corporate Ownership Statement and List of Creditors Who Have the 50 Largest Unsecured Claims** _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **May 15, 2017** | ☒ */s/ Todd M. Lenhart* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Todd M. Lenhart** |
| | Printed name |
| | **Senior Vice President, Treasurer, Chief Financial Officer, and Chief Accounting Officer** |
| | Position or relationship to debtor |

Official Form 202         **Declaration Under Penalty of Perjury for Non-Individual Debtors**

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor name | rue21, inc., *et al.* |
| United States Bankruptcy Court for the: | Western District of Pennsylvania |
| Case number *(if known)*: | (State) |

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wells Fargo Bank P.O. Box 6995 Portland, OR 97228 | Milbank, Tweed, Hadley & McCloy LLP Attn: Gerard Uzzi 28 Liberty Street New York, New York 10005-1413 | 9.0% senior unsecured notes due October 2021 | | | | $239,200,000 |
| 2 | Mark Edwards Apparel Inc 8480 Jeanne Mance Montreal Quebec Canada H2P 2S3 | Mark Edwards Apparel Inc Attn: Jacqueline Gelber 8480 Jeanne Mance Montreal Quebec Canada H2P 2S3 jacqueline@markedwards.com 514-388-2353 | Vendor Claim | | | | $21,059,177 |
| 3 | Wells Fargo Capital Fin. 100 Park Ave., 3rd Floor New York, NY  10017 | Wells Fargo Capital Fin. Attn: Steve Levine 100 Park Ave., 3rd Floor New York, NY  10017 | Factor Claim | | | | $10,513,847 |
| 4 | The CIT Group 11 West 42nd St., 11th Floor New York, NY  10036 | The CIT Group Attn: John Henstrand 11 West 42nd St., 11th Floor New York, NY  10036 John.Henstrand@cit.com 212-461-5421 | Factor Claim | | | | $8,425,461 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | Rosenthal & Rosenthal 1370 Broadway, 3rd Floor New York, NY  10018 | Rosenthal & Rosenthal Attn: Howard Kern 1370 Broadway, 3rd Floor New York, NY  10018 hkern@rosenthalinc.com | Factor Claim | | | | $5,580,781 |
| 6 | Branch Banking & Trust Co 3379 Peachtree Rd NE, Suite 600 Atlanta, GA  30326 | Branch Banking & Trust Co Attn: Angela Semexant 3379 Peachtree Rd NE, Suite 600 Atlanta, GA  30326 angela.semexant@bbandt.com 407-670-2618 | Factor Claim | | | | $4,316,247 |
| 7 | Thread Collectiv 850 McCaffrey Street Saint-Laurent Quebec, Canada H4T 1N1 | Thread Collectiv Attn: Mike Grussgott, Maria Triassi, Steven Schriever 850 McCaffrey Street Saint-Laurent Quebec, Canada H4T 1N1 kumar.gheewala@famejeans.com 201-306-9415 | Vendor Claim | | | | $3,697,978 |
| 8 | New Commercial Capital 3530 Wilshire Blvd, Ste 380 Los Angeles, CA 90010 | New Commercial Capital 3530 Wilshire Blvd, Ste 380 Los Angeles, CA 90010 213-365-4936 | Factor Claim | | | | $2,441,134 |
| 9 | Capital Business Credit 700 S. Flower St Los Angeles, CA 90017 | Capital Business Credit Attn: Bill Eng 700 S. Flower St Los Angeles, CA 90017 weng@capitalbusinesscredit.com 213-226-5258 | Factor Claim | | | | $1,717,296 |
| 10 | Prime Business Credit 1055 West Seventh Street, Suite 2200 Los Angeles, CA 90017 | Prime Business Credit 1055 West Seventh Street, Suite 2200 Los Angeles, CA 90017 | Factor Claim | | | | $1,499,678 |
| 11 | FedEx Billing Online PO Box 371461 Pittsburgh, PA 15250-7461 | FedEx 3875 Airways, Module H3 Memphis, TN 38116 | Vendor Claim | | | | $1,263,978 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Accord Financial 3500 de Maisonneuve West Suite 1510 Montreal Quebec, Canada H3Z 3C1 | Accord Financial 3500 de Maisonneuve West Suite 1510 Montreal Quebec, Canada H3Z 3C1 | Factor Claim | | | | $1,214,038 |
| 13 | ROMANE 350 Fifth Ave. Ste 6100 New York, NY 10118 | ROMANE 350 Fifth Ave. Ste 6100 New York, NY 10118 | Vendor Claim | | | | $1,028,710 |
| 14 | Finance One Inc. 801 S. Grand Avenue #1000 Los Angeles, CA 90017 | Finance One Inc. Attn: Stephen Kim 801 S. Grand Avenue #1000 Los Angeles, CA 90017 skim@finone.com 213-430-4888 | Factor Claim | | | | $944,402 |
| 15 | TradeGlobal LLC 5389 E Provident Drive Cincinnati, OH 45246 | TradeGlobal LLC 5389 E Provident Drive Cincinnati, OH 45246 | Vendor Claim | | | | $901,256 |
| 16 | Milberg Factors 99 Park Ave. 21st Floor New York, NY 10016 | Milberg Factors Attn: Maurice Sabony 99 Park Ave. 21st Floor New York, NY 10016 msabony@milfac.com 212-697-4200 ext. 256 | Factor Claim | | | | $888,532 |
| 17 | Self Esteem Division OF 1515 Gage Road Montebello, CA 90640 | Self Esteem Division OF Attn: Kerri Lauther 1515 Gage Road Montebello, CA 90640 klauther@selfesteemclothing.com 323-899-4300 | Vendor Claim | | | | $768,084 |
| 18 | Merchants Business Credit 1441 Broadway New York, NY 10018 | Merchants Business Credit 1441 Broadway New York, NY 10018 | Factor Claim | | | | $691,126 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | Hana Financial Inc. 1000 Wilshire Blvd. 20th Floor Los Angeles, CA 90017 | Hana Financial Inc. Attn: Darrell Reed 1000 Wilshire Blvd. 20th Floor Los Angeles, CA 90017 darrell.reed@hanafinancial.com 213-977-7257 | Factor Claim | | | | $614,865 |
| 20 | Continental Business Cred 15503 Ventura Blvd, Suite 310 Encino, CA 91436 | Continental Business Cred 15503 Ventura Blvd, Suite 310 Encino, CA 91436 | Factor Claim | | | | $558,120 |
| 21 | Fab Asia International 108 Olive Lane New Hyde Park, New York 11040 | Fab Asia International Attn: Daniel Dematteo and Sunil Uttamchandani 108 Olive Lane New Hyde Park, New York 11040 Dan@destinovero.com; sunil@fabasiaintl.com (212) 764-6468 | Vendor Claim | | | | $552,313 |
| 22 | C P International 165 North Dean Street Englewood, NJ 07631 | C P International Attn: Bob Cook (President), Jon Cook (VP), Margaret Reed (GM), Gordon Kilian (Sales) 165 North Dean Street Englewood, NJ 07631bobcookcpi@gmail.com 201.816.8111 | Vendor Claim | | | | $547,183 |
| 23 | JEM International 1 E. 33rd Street, 11th Floor New York, NY 10016 | JEM International Attn: Martin Erani, Orly Dominguez 1 E. 33rd Street, 11th Floor New York, NY 10016 martin@jeminc.net 212-889-1012 | Vendor Claim | | | | $537,732 |
| 24 | Grand Horizon Limited 11/F Hang Cheong Factory Bldg., 1 Wing Ming Street, Cheung Sha Wan  Kowloon Hong Kong 852 | Grand Horizon Limited Attn: Irene Cheung and Yanny Law 11/F Hang Cheong Factory Bldg., 1 Wing Ming Street, Cheung Sha Wan  Kowloon Hong Kong 852 irene.cheung@grandhorizon.com 852-27989382 | Vendor Claim | | | | $519,957 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | UPS PO Box 7247-0244 Philadelphia, PA 19170-0001 | UPS 55 Glenlake Parkway NE Atlanta, GA 30328 | Vendor Claim | | | | $507,369 |
| 26 | Stored Value Solutions 5301 Maryland Way Brentwood, TN 37027 | Stored Value Solutions 5301 Maryland Way Brentwood, TN 37027 | Vendor Claim | | | | $431,368 |
| 27 | JA Franco and So 295 Fifth Avenue Suite 312 Manhattan, NY 10016 | JA Franco and So Attn: Robert Laniado and Emily Wardell 295 Fifth Avenue Suite 312 Manhattan, NY 10016 robert@jfranco.com; emily@jfranco.com; 212-679-3022 | Vendor Claim | | | | $395,723 |
| 28 | Bailey Apparel 526 7th Ave, 7th Fl New York, NY 10018 | Bailey Apparel Attn: Kevin Gindi, Stephanie Santagelo, Ness Bailey 526 7th Ave, 7th Fl New York, NY 10018 stephanie@baileyapparel.com; ness@baileyapparel.com; 212-624-9243, 212-624-9182, 212-624-9240 | Vendor Claim | | | | $351,924 |
| 29 | Continuum Management Co. LLC 300 Atlantic Street, 7th FL Stamford, CT 06901 | Continuum Management Co. LLC 300 Atlantic Street, 7th FL Stamford, CT 06901 | Vendor Claim | | | | $344,741 |
| 30 | Branding Brand Inc 2313 East Carson St Pittsburgh, PA 15203 | Branding Brand Inc 2313 East Carson St Pittsburgh, PA 15203 | Vendor Claim | | | | $342,000 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 31 | Enchante Accessories 16 East, 34th Street New York, NY 10016 | Enchante Accessories Attn: Gabe Khezrie, Eddie 16 East, 34th Street New York, NY 10016 bobbym@ench.com 212-689-6008 (646-795-2070 x285;  x450 Courtney Oxland) | Vendor Claim | | | | $332,140 |
| 32 | Bravado International 3640 Holdrege Avenue Los Angeles, CA 90016 | Bravado International Attn: Myk Rudnick 3640 Holdrege Avenue Los Angeles, CA 90016 sdemko@socal.rr.com 310-237-7100 | Vendor Claim | | | | $286,860 |
| 33 | MVP Group Int'l. 430 Gentry Road Elkin, NC 28621 | MVP Group Int'l. Attn: Jennifer Loiacono; Darice Guadalupe 430 Gentry Road Elkin, NC 28621 jenniferloiacono@mvpgroupint.com 336-835-6020 | Vendor Claim | | | | $283,843 |
| 34 | Broder Productions #204 1400 Lincoln Road Miami Beach, FL 33139 | Broder Productions #204 1400 Lincoln Road Miami Beach, FL 33139 | Vendor Claim | | | | $279,900 |
| 35 | GTT Communications Inc Suite 1450 7900 Tysons One Place McLean, VA 22102 | GTT Communications Inc Suite 1450 7900 Tysons One Place McLean, VA 22102 | Vendor Claim | | | | $267,217 |
| 36 | Ucrave Inc. 209 West 38th Street, Suite 1105 New York, NY 10018 | Ucrave Inc. 209 West 38th Street, Suite 1105 New York, NY 10018 | Vendor Claim | | | | $265,794 |
| 37 | Aptos Inc 15 Governor Drive Newburgh, NY 12550 | Aptos Inc 15 Governor Drive Newburgh, NY 12550 | Vendor Claim | | | | $264,507 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 38 | Fashion Lifestyle 1501 Rio Vista Ave. Los Angeles, CA 90023 | Fashion Lifestyle Attn: Brent Evans 1501 Rio Vista Ave. Los Angeles, CA 90023 brent@justfound.us; customerservice@justfound.us 213-291-8992 | Vendor Claim | | | | $263,910 |
| 39 | Experian QAS 475 Anton Blvd Costa Mesa, CA 92626 | Experian QAS 475 Anton Blvd Costa Mesa, CA 92626 | Vendor Claim | | | | $259,111 |
| 40 | Applied Predictive Technology Suite 1000 901 North Stuart St Arlington, VA 22203 | Applied Predictive Technology Suite 1000 901 North Stuart St Arlington, VA 22203 | Vendor Claim | | | | $227,375 |
| 41 | NPD Group Inc 900 West Shore Rd Port Washington, NY 11050 | NPD Group Inc 900 West Shore Rd Port Washington, NY 11050 | Vendor Claim | | | | $223,333 |
| 42 | FTC Commercial Corp 1525 S. Broadway Los Angeles, CA 90015 | FTC Commercial Corp Attn: Kenneth Wengrad 1525 S. Broadway Los Angeles, CA 90015 ken@ftcc.net 213-745-8888 ext. 256 | Factor Claim | | | | $207,279 |
| 43 | Winthrop Resources Corporation PO Box 650 Hopkins, MN 55343-0650 | Winthrop Resources Corporation 11100 Wayzata Boulevard, Suite 800 Minneapolis. Minneapolis, MN 55305 | Vendor Claim | | | | $197,369 |
| 44 | Taistech LLC Suite 494 14841 Dallas Parkway Dallas, TX 75254 | Taistech LLC Suite 494 14841 Dallas Parkway Dallas, TX 75254 | Vendor Claim | | | | $194,613 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 45 | Advanced Construction Serv 2201 Babcock Boulevard Pittsburgh, PA 15237 | Advanced Construction Serv 2201 Babcock Boulevard Pittsburgh, PA 15237 | Vendor Claim | | | | $187,217 |
| 46 | ICON 5 Empire Blvd South Hackensack, NJ 07606 | ICON 5 Empire Blvd South Hackensack, NJ 07606 (201) 330-9333 | Vendor Claim | | | | $184,314 |
| 47 | Image Consulting Services 1775 Donwell Dr South Euclid, OH 44121 | Image Consulting Services 1775 Donwell Dr South Euclid, OH 44121 | Vendor Claim | | | | $183,546 |
| 48 | Lepko Fashions 331 Rutledge Street, Suite 203 Brooklyn, NY 11211 | Lepko Fashions Attn: Vicki Regensburg 331 Rutledge Street, Suite 203 Brooklyn, NY 11211 Eugeneg@lepkofashions.com 718-534-0727 | Vendor Claim | | | | $178,935 |
| 49 | Finesse Novelty Corp. 30 Comerical Ct. Plainview, NY 11803 | Finesse Novelty Corp. Attn: Allyson Berger, Jennifer Venezia / Jack Andiappen 30 Commerical Ct. Plainview, NY 11803 johnk@fncny.com; jacka@fncny.com; scottd@fncny.com;  718-425-4801 | Vendor Claim | | | | $167,072 |
| 50 | Third Estate LLC 112 West, 9th Street, Suite 726 Los Angeles, CA 90015 | Third Estate LLC Attn: Steven Bates 112 West, 9th Street, Suite 726 Los Angeles, CA 90015 steve@dope.com 323-641-3673, Ext. 2 | Vendor Claim | | | | $164,118 |

## <u>OFFICER'S CERTIFICATE</u>

May 15, 2017

I, Benjamin R. Gross, hereby certify that I am the the Senior Vice President, Secretary, and General Counsel and an authorized signatory of rue21, inc., a Delaware corporation (the "<u>Company</u>"), and do hereby certify solely on behalf of that Company and not in my individual capacity, that attached hereto as <u>Exhibit A</u> is a true, correct and complete copy of the resolutions duly adopted by the board of directors of the Company approving and authorizing the execution, delivery and performance of the Chapter 11 Cases (as defined therein), the Restructuring Support Agreement (as defined therein), the DIP Credit Agreements (as defined therein), and the other agreements, instruments and documents entered into in connection with the Chapter 11 Cases, the Restructuring Support Agreement, and the DIP Credit Agreements and as set forth in such resolutions (together with the Chapter 11 Cases and the Restructuring Support Agreement, collectively, the "<u>Documents</u>"), and the transactions contemplated thereby. Such resolutions are the only resolutions relating to the Documents and have not been amended, rescinded, modified or revoked since the date of adoption thereof, and are in full force and effect on the date hereof.

\*   \*   \*   \*   \*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of May 15, 2017.

By: _____

Name: Benjamin R. Gross
Title:  Senior Vice President, Secretary and
        General Counsel

## Exhibit A

**Omnibus Resolutions**

**OMNIBUS RESOLUTIONS OF THE BOARDS
OF DIRECTORS AND BOARDS OF MANAGERS
OF RHODES GP, LLC, RHODES TOPCO, INC.,
RHODES MIDCO, INC., RHODES SUB LLC,
RHODES HOLDCO, INC., RUE21, INC.,
RUE SERVICES CORPORATION AND
R SERVICES LLC**

May 14, 2017

On May 14, 2017, special meetings of the Board of Directors and Board of Managers, as applicable, (collectively, the "Boards") of Rhodes GP, LLC, Rhodes Topco, Inc., Rhodes Midco, Inc., and Rhodes Sub LLC (the "Companies") and the Subsidiaries (as defined below) were held pursuant to notice thereof provided to all of the directors and managers, as applicable, of the Companies and Subsidiaries (the "Directors") as required by the Companies' or Subsidiaries' by-laws, limited liability company agreement or other governing document whereby the Boards took the following actions and adopted the following resolutions:

**Chapter 11 Filing**

**WHEREAS**, the Boards have considered presentations by management and the financial and legal advisors of rue21, inc. regarding the liabilities and liquidity situation of Rhodes Holdco, Inc., rue21, inc., rue services corporation, and r services llc (collectively, the "Subsidiaries"), the strategic alternatives available to the Subsidiaries and the effect of the foregoing on such Subsidiaries' business; and

**WHEREAS**, the Boards have had the opportunity to consult with management and the financial and legal advisors of the Subsidiaries and to fully consider the available strategic alternatives.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that, in the judgment of the Boards, it is desirable and in the best interests of the Companies and the Subsidiaries, their creditors and other parties in interest, that such Subsidiaries shall be, and hereby are, authorized, empowered and directed to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania or another court of proper jurisdiction (the "Bankruptcy Court"); and

**RESOLVED**, that the Interim Chief Executive Officer, Interim Chief Financial Officer, Interim General Counsel, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of the Subsidiaries (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Subsidiaries all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including,

without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Subsidiaries' business.

**Cash Collateral & Debtor-in-Possession Financing**

**WHEREAS**, the Companies and each Subsidiary will obtain benefits from the Subsidiaries' use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

> (a)  that certain ABL Credit Agreement, dated as of October 10, 2013 (the "ABL Credit Agreement"), as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time, among rue21, inc., Bank of America, N.A. as administrative agent (the "ABL Agent"), the lenders from time to time party thereto (the "ABL Lenders"), and the guarantor parties thereto (the "ABL Guarantors"); and

> (b)  that certain Term Loan Credit Agreement, dated as of October 10, 2013 (the "Term Loan Credit Agreement"), as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time, among rue21, inc., Wilmington Savings Fund Society, FSB, as successor  to JPMorgan Chase Bank, N.A., as administrative and collateral agent (the "Term Loan Agent"), the lenders from time to time party thereto (the "Term Loan Lenders") and the guarantor parties thereto (the "Term Loan Guarantors").

**WHEREAS**, reference is made to that certain Senior Secured, Super Priority Debtor-In-Possession Credit Agreement (together with all exhibits, schedules and annexes thereto, the "DIP ABL Credit Agreement"; together with the DIP Term Loan Credit Agreement (as defined below), the "DIP Credit Agreements") dated as of, or about, the date hereof, by and among rue21, inc., a Delaware corporation, as the "Borrower" and a Debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, Rhodes Holdco, Inc., a Delaware corporation ("Holdings"), the other Subsidiaries as Guarantors and as Debtors and debtors-in-possession under Chapter 11 of the Bankruptcy Code, the lenders party thereto from time to time, and Bank of America, N.A., as Administrative Agent, Collateral Agent, L/C Issuer, and Swing Line Lender ("DIP ABL Agent");

**WHEREAS,** the Borrower has requested that the Lenders provide a debtor-in-possession asset-based loan facility to the Borrower; and

**WHEREAS,** the obligation of the Lenders to make the extensions of credit to the Borrower is subject to, among other things, each Subsidiary entering into the DIP ABL Credit Agreement and satisfying certain conditions in the DIP ABL Credit Agreement; and

**WHEREAS,** each Subsidiary will obtain benefits from the DIP ABL Credit Agreement and it is advisable and in the best interest of each Subsidiary to enter into the DIP ABL Credit Agreement and each other Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**WHEREAS,** reference is made to that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement (together with all exhibits, schedules and annexes thereto, the "DIP Term Loan Credit Agreement"; capitalized terms used but not otherwise defined herein shall have the meanings specified in the DIP Term Loan Credit Agreement and the DIP ABL Credit Agreement, as applicable), dated as of, or about, the date hereof, by and among rue21, inc., a Delaware corporation, as the Borrower and a Debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, Holdings, the other Subsidiaries as Guarantors and as Debtors and debtors-in-possession under Chapter 11 of the Bankruptcy Code, the lenders party thereto from time to time, and Wilmington Savings Fund Society, FSB, as Administrative Agent and Collateral Agent ("DIP Term Loan Agent");

**WHEREAS,** the Borrower has requested that the Lenders provide a debtor-in-possession term loan facility to the Borrower; and

**WHEREAS,** the obligation of the Lenders to make the extensions of credit to the Borrower is subject to, among other things, each Subsidiary entering into the DIP Term Loan Credit Agreement and satisfying certain conditions in the DIP Term Loan Credit Agreement; and

**WHEREAS,** each Subsidiary will obtain benefits from the DIP Term Loan Credit Agreement and it is advisable and in the best interest of each Subsidiary to enter into the DIP Term Loan Credit Agreement and each other Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

**NOW, THEREFORE, BE IT RESOLVED,** that the form, terms and provisions of the DIP ABL Credit Agreement, and the transactions contemplated by the DIP ABL Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved; and

**RESOLVED**, that each Subsidiary will obtain benefits from the DIP ABL Credit Agreement and it is advisable and in the best interest of each Subsidiary to enter into the DIP ABL Credit Agreement and each other Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED**, that each Subsidiary's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP ABL Credit Agreement, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers (as defined below) is hereby authorized, empowered and directed to negotiate the terms of and to execute, deliver and perform the DIP ABL Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment or any other modification required to consummate the transactions contemplated by the DIP ABL Credit Agreement in the name and on behalf of each Subsidiary, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Officers is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable; and

**RESOLVED**, that the form, terms and provisions of the DIP Term Loan Credit Agreement, and the transactions contemplated by the DIP Term Loan Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved; and

**RESOLVED,** that each Subsidiary will obtain benefits from the DIP Term Loan Credit Agreement and it is advisable and in the best interest of each Subsidiary to enter into the DIP Term Loan Credit Agreement and each other Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED,** that each Subsidiary's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Term Loan Credit Agreement, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers is hereby authorized, empowered and directed to negotiate the terms of and to execute, deliver and perform the DIP Term Loan Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment or any other modification required to consummate the transactions contemplated by the DIP Term Loan Credit Agreement in the name and on behalf of each Subsidiary, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Officers is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable; and

**RESOLVED,** that the Authorized Officers be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each Subsidiary to seek

authorization to enter into the DIP ABL Credit Agreement and DIP Term Loan Credit Agreement and approval of the use of cash collateral and each of the DIP Credit Agreements pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Subsidiary, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP ABL Credit Agreement and DIP Term Loan Credit Agreement and the use of cash collateral in connection with each Subsidiary's Chapter 11 Cases, which agreements may require each Subsidiary to grant adequate protection and liens to each Subsidiary's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Subsidiary pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**Approval of the Loan Documents**

**RESOLVED**, that (i) the form, terms and provisions of the DIP Credit Agreements and all other Loan Documents (as defined in the DIP Credit Agreements) to which any or all of the Subsidiaries are a party, (ii) the grant of security interests in and pledges of all or substantially all of the assets now or hereafter owned by any or all of the Subsidiaries as collateral (including pledges of equity and personal property as collateral) under the Loan Documents and (iii) the guaranty of obligations by any or all of the Subsidiaries under the Loan Documents, from which each Subsidiary will derive value, be and hereby are, authorized, adopted and approved, and (iv) any Authorized Officer or other officer of each Subsidiary is hereby authorized, empowered and directed, in the name of and on behalf of each subsidiary, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreements substantially in the form provided to each governing body, the Loan Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Subsidiary is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreements, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve;

**RESOLVED**, that each Subsidiary, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby are, authorized, empowered and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents

(collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized, empowered and directed in the name of, and on behalf of, each Subsidiary, as debtors and debtors in possession, to take such actions as in their discretion are determined to be necessary, desirable, or appropriate to execute, deliver, and file: (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in their sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP ABL Agent, the DIP Term Loan Agent, and other parties in interest; and (d) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized, empowered and directed in the name of, and on behalf of, each Subsidiary to file or to authorize the DIP ABL Agent and the DIP Term Loan Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of each Subsidiary that either DIP ABL Agent and the DIP Term Loan Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Subsidiary and such other filings in respect of intellectual and other property of each Subsidiary, in each case as the DIP ABL Agent and the DIP Term Loan Agent may reasonably request to perfect the security interests of the DIP ABL Agent and the DIP Term Loan Agent under the Financing Documents; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized, empowered and directed in the name of, and on behalf of, each Subsidiary to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each Subsidiary in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Subsidiary's

obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Subsidiary, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof; and

**RESOLVED**, that the sole member, general partner, managing member, equivalent manager, or any other Authorized Officer, as applicable, are each authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions.

## Restructuring Support Agreement

**WHEREAS**, in connection with the Chapter 11 Cases, each Subsidiary has negotiated a restructuring support agreement, in form and substance generally similar to that certain restructuring support agreement dated May 14, 2017 (the "Restructuring Support Agreement"), by and among Rhodes Holdco Inc. and its direct and indirect subsidiaries, certain Term Loan Lenders, certain holders of Note Claims (as defined in the Restructuring Support Agreement) and Sponsor Entities (as defined in the Restructuring Support Agreement).

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that the Companies authorize and direct the Authorized Officers of each respective Subsidiary to take all actions (including, without limitation, to negotiate and execute any agreements, documents and certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases and that each Subsidiary's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

## Retention of Professionals

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as the Subsidiaries' counsel, to represent and assist the Subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Subsidiaries' rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of the Subsidiaries; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate

retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Reed Smith LLP, as the Subsidiaries' local counsel, to represent and assist the Subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Subsidiaries' rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of the Subsidiaries; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Reed Smith LLP in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Rothschild Inc., as the Subsidiaries' financial advisor and investment banker; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Rothschild Inc. in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Berkeley Research Group, LLC, as the Subsidiaries' financial advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Berkeley Research Group, LLC in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Kurtzman Carson Consultants LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Subsidiaries' rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kurtzman Carson Consultants LLC in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of A&G Realty Partners, LLC, as real estate advisor and consultant, to represent and assist the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Subsidiaries' rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an

8

appropriate application for authority to retain A&G Realty Partners, LLC in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized, empowered and directed to employ any other professionals to assist the Subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Subsidiaries' Chapter 11 Cases, with a view to the successful prosecution of such cases.

## General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered and directed, in the name of and on behalf of the Subsidiaries, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED**, that the Companies and the respective Board of Directors of the Companies and the Subsidiaries have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies and the Subsidiaries, or hereby waive any right to have received such notice; and

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Subsidiary, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies and the Subsidiaries with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Board of Directors of each Subsidiary; and

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered and directed to take all actions, or to not take any action in the name of each Subsidiary, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.