## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) |
| | ) |
| rue21, inc., *et al.*,[1] | ) Case No. 17-22045 (GLT) |
| | ) |
| | ) Chapter 11 |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: December 6, 2017 at |
| | ) 2:00 p.m. (prevailing Eastern Time) |
| | ) |
| Kirkland & Ellis LLP, | ) |
| | ) Objection Deadline: November 29, |
| | ) 2017 at 5:00 p.m. (prevailing Eastern |
| | ) Time) |
| Movants, | ) |
| | ) |
| v. | ) |
| | ) |
| No Respondent. | ) |
| | ) |
| Respondent. | ) |
| | ) |

### SUMMARY COVER SHEET TO
### THE FINAL FEE APPLICATION
### OF KIRKLAND & ELLIS LLP AND KIRKLAND
### & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE
### DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
### FROM MAY 15, 2017 THROUGH AND INCLUDING SEPTEMBER 8, 2017

In accordance with the Local Bankruptcy Rules for the United States Bankruptcy Court for

the Western District of Pennsylvania ("W.PA.LBR"), Kirkland & Ellis LLP and Kirkland & Ellis

International LLP (collectively, "Kirkland"), attorneys for the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), submit this summary (this "Summary") of fees

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: rue21, inc. (1645); Rhodes Holdco, Inc. (6922); r services llc (9425); and rue services corporation (0396). The location of the Debtors' service address is: 800 Commonwealth Drive, Warrendale, Pennsylvania 15086.

and expenses sought as actual, reasonable, and necessary in the final fee application to which this Summary is attached (the "Fee Application")[2] for the period from May 15, 2017 through and including September 8, 2017 (the "Fee Period"). Kirkland submits the Fee Application as a final fee application in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* [Docket No. 632] (the "Interim Compensation Order").

| *General Information* | |
| --- | --- |
| Name of Applicants: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Authorized to Provide Services to: | rue21, inc., *et al.* |
| Petition Date: | May 15, 2017 |
| Date of Order Authorizing the Debtors to Retain Kirkland: | June 28, 2017, *nunc pro tunc* to May 15, 2017 [Docket No. 629] |

| *Summary of Fees and Expenses Sought in the Fee Application*[3] | |
| --- | --- |
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | May 15, 2017 through and including September 8, 2017 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: [4] | Reduced fees by $76,569.50 and expenses by $2,472.13. |

---

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

[3]    Of the amount of fees and expenses sought in the Fee Application, as of the date hereof, $228,097.20 represents the amount for which Kirkland has not sought compensation in the monthly fee statements it has filed for the following periods:  August 1, 2017 to August 31, 2017 [Docket No. 1171] (the "August Monthly Fee Statement") and September 1, 2017 to September 8, 2017 [Docket No. 1268] (the "September Monthly Fee Statement"), collectively with the other above-referenced fee statements, the "Monthly Fee Statements").

[4]    Kirkland voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.

| | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $3,008,344.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $73,995.96 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $3,082,340.46 |

### Rate Increases Applicable to the Fee Period

| | |
|---|---|
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Retention: | $2,907,730.50 |

### Summary of Past Requests for Compensation and Prior Payments[5]

| | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $3,008,344.50 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $73,995.96 |
| Total Compensation Allowed Pursuant to the Interim Compensation Order to Date: | $1,867,858.50 |
| Total Amount of Expense Reimbursement Allowed Pursuant to the Interim Compensation Order to Date: | $40,896.17 |
| Total Allowed Compensation Paid to Date: | $1,867,858.50 |
| Total Allowed Expenses Paid to Date: | $40,896.17 |
| Compensation Sought in this Fee Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $824,887.60 |

---

[5]   Kirkland filed the August Monthly Fee Statement on September 28, 2017 [Docket No. 1171] and the September Monthly Fee Statement on October 24, 2017 [Docket No. 1268].  As of the date hereof, Kirkland has received payments totaling $843,494.24 relating to compensation and expenses sought in the Monthly Fee Statements.

Expenses Sought in this Fee Application Already Paid
Pursuant to the Interim Compensation Order But Not Yet          $18,606.64
Allowed:


Dated:  November 6, 2017


<table>
<tr><td></td><td>/s/ Jared S. Roach</td></tr>
</table>

| | |
|---|---|
| Jonathan S. Henes, P.C. (admitted *pro hac vice*) | Eric A. Schaffer (PA I.D. #30797) |
| Robert A. Britton (admitted *pro hac vice*) | Jared S. Roach (PA I.D. #307541) |
| George Klidonas (admitted *pro hac vice*) | **REED SMITH LLP** |
| **KIRKLAND & ELLIS LLP** | 225 Fifth Avenue |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Pittsburgh, Pennsylvania 15222 |
| 601 Lexington Avenue | Telephone:    (412) 288-3131 |
| New York, New York 10022 | Facsimile:    (412) 288-3063 |
| Telephone:    (212) 446-4800 | |
| Facsimile:    (212) 446-4900 | *Local Counsel to the Debtors* |
| | *and Debtors in Possession* |
| *Counsel to the Debtors and* | |
| *Debtors in Possession* | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 17-22045 (GLT) |
| rue21, inc., *et al.*,[1] | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| Kirkland & Ellis LLP, | ) | Hearing Date:  December 6, 2017 at |
| | ) | 2:00 p.m. (prevailing Eastern Time) |
| | ) | |
| | ) | |
| | ) | Objection Deadline: November 29, |
| | ) | 2017 at 5:00 p.m. (prevailing Eastern |
| | ) | Time) |
| Movants, | ) | |
| | ) | Related to Docket Nos.  629, 632, |
| | ) | 681, 788, 1016, 1064, 1171 |
| v. | ) | |
| | ) | |
| No Respondent. | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**FINAL FEE APPLICATION OF
KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS
INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM
MAY 15, 2017 THROUGH AND INCLUDING SEPTEMBER 8, 2017**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"),

attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"),

hereby submits its final fee application (the "Fee Application") for allowance of compensation for

professional services provided in the amount of $3,008,344.50 and reimbursement of actual and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  rue21, inc. (1645); Rhodes Holdco, Inc. (6922); r services llc (9425); and rue services corporation
(0396).  The location of the Debtors' service address is:  800 Commonwealth Drive, Warrendale, Pennsylvania
15086.

necessary expenses in the amount of $73,995.96 that Kirkland incurred for the period from May 15, 2017 through and including September 8, 2017 (the "Fee Period"). In support of this Fee Application, Kirkland submits the declaration of Jonathan S. Henes, the president of Jonathan S. Henes, P.C., a partner in Kirkland, (the "Henes Declaration"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In further support of this Fee Application, Kirkland respectfully states as follows.[2]

### Jurisdiction

1.      The United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2016, rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Pennsylvania ("W.PA.LBR"), the *Order (I) Establishing Procedures for Interim Compensation and*

---

[2]   Capitalized terms used but not otherwise defined in this Fee Application shall have the meanings ascribed to such terms in the *Summary Cover Sheet to the Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from May 15, 2017 through and Including September 8, 2017.*

*Reimbursement of Expenses for Professionals and (II) Granting Related Relief* [Docket No. 632]

(the "Interim Compensation Order").

## Background

4.      ru21, inc. ("rue21") is a specialty fashion retailer of girls' and guys' apparel and accessories.  As of the Petition Date, the Debtors had approximately 1,179 stores in various strip centers, regional malls, and outlet centers throughout the contiguous 48 states.  The Debtors have various "core" rue21 brands in girls' apparel (*rue21*), intimate apparel (*true*), girls' accessories (*etc!*), girls' cosmetics (*ruebeauté!*), guys' apparel and accessories (*Carbon*), girls' plus-size apparel (*rue+*), and girls' swimwear (*ruebleu*).  These rue21 brands focus on "Fashion Meets Value"—providing quality, yet affordable, young adult clothing.  The Debtors sell their merchandise to customers in the contiguous United States through their online store as well as in typical "brick and mortar" locations.  The Debtors are headquartered in Warrendale, Pennsylvania and have one distribution center located in Weirton, West Virginia.

5.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 23, 2017, the United States Trustee for the Western District of Pennsylvania (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Todd M. Lenhart, Acting Chief Financial Officer and Senior Vice President of Accounting of rue21, inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions*, filed on May 16, 2017 [Docket No. 8] and incorporated herein by reference.

3

7.      On June 28, 2017, the Bankruptcy Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

## Preliminary Statement

8.      During the Fee Period, Kirkland represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

9.      During the Fee Period, Kirkland assisted the Debtors with, among other things, the negotiation and approval of the Debtors' postpetition financing, the approval of several rounds of store closing sales that allowed the Debtors to right-size their operations, the negotiation of critical agreements with vendors, providing much needed liquidity to fund the Debtors' inventory build during the critical back-to-school shopping season, the negotiation and resolution of disputes with the landlords to the Debtors' store locations, and the approval of the Debtors' disclosure statement.

## Case Status Summary

10.      The Debtors filed these cases on the Petition Date following a period of reduced profitability due to headwinds in the retail apparel industry.  At the outset of these cases, the Debtors sought approval of (i) a $125 million senior secured superpriority revolving credit facility (the "DIP ABL Facility") and (ii) a $150 million senior secured superpriority term loan facility (the "DIP Term Loan Facility" and together with the DIP ABL Facility, the "DIP Facilities").  In conjunction with the DIP Term Loan Facility, the Debtors executed a restructuring support agreement (the "Restructuring Support Agreement") with a group of their prepetition stakeholders.

11.      On May 18, 2017 the Bankruptcy Court entered the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting*

4

*Adequate Protection to the Prepetition Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling Final Hearing, and (VII) Granting Related Relief* [Docket No. 141], approving the DIP Facilities on an interim basis.  On June 13, 2017 the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling Final Hearing, and (VII) Granting Related Relief* [Docket No. 529] (the "Final DIP Order") approving the DIP Facilities on a final basis.

12.     On June 1, 2017, the Debtors filed the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 316] and the *Disclsoure Statement for the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 315].  On July 12, 2017 the Debtors filed the *First Amended Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 695] and the *First Amended Disclsoure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 697].

13.     On July 14, 2017, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement for the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code; (II) Approving Certain Dates Related to Plan Confirmation; (II) Approving Procedures for Soliciting, Voting, and Tabulating Votes on, and for Filing Objetions to, the Plan and Approving the Forms of Ballots and Notices; and (IV) Granting Related Relief* [Docket No. 719].

14.     On September 8, 2017 the Bankruptcy Court entered the *Findings of Fact,
Conclusions of Law, and Order Confirming Debtors' First Amended Joint Plan of Reorganization
Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1083].

### **The Debtors' Retention of Kirkland**

15.     On June 28, 2017, the Court entered the *Order Authorizing the Retention and
Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the
Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 629]
(the "Retention Order"), attached hereto as **Exhibit B** and incorporated herein by reference.  The
Retention Order authorizes the Debtors to compensate and reimburse Kirkland in accordance with
the Bankruptcy Code, the Bankruptcy Rules, the W.PA.LBRs and the Interim Compensation
Order.  The Retention Order also authorizes the Debtors to compensate Kirkland at Kirkland's
hourly rates charged for services of this type and to reimburse Kirkland for actual and necessary
out-of-pocket expenses incurred, subject to application to this Court.[3]  The particular terms of
Kirkland's engagement are detailed in the engagement letter by and between Kirkland and the
Debtors, effective as of February 15, 2017, and attached hereto as **Exhibit C** (the "Engagement
Letter").

16.     The Retention Order authorizes Kirkland to provide the following services
consistent with and in furtherance of the services enumerated above:

> a.  advising the Debtors with respect to their powers and duties as
> debtors-in-possession in the continued management and operation of their
> business and properties;
>
> b.  preparing pleadings, including motions, applications, answers, orders, reports,
> and papers necessary or otherwise beneficial to the administration of the

---

[3]     In accordance with the Retention Order, Kirkland does not seek reimbursement of expenses for office supplies
pursuant to this Fee Application.

Debtors' estates and consistent with the services identified in the Retention Order;

c.   appearing before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts in connection with the services in the Retention Order; and

d.   performing all other legal services reasonably necessary or otherwise beneficial for the Debtors in connection with these chapter 11 cases.

### **Disinterestedness of Kirkland**

17.   To the best of the Debtors' knowledge and as disclosed in:  (i) the *Declaration of Jonathan S. Henes in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 368] (the "Henes Declaration"); (ii) the *First Supplemental Declaration of Jonathan S. Henes in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 681] (the "First Supplemental Henes Declaration");  and  (iii) the *Second Supplemental Declaration of Jonathan S. Henes in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 681] (the "Second Supplemental Henes Declaration" and together with the Henes Declaration, and the First Supplemental Henes Declaration, the "Kirkland Declarations"), Kirkland (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtors' estates; and

7

(c) has no connection to the Debtors, their creditors, or other parties-in-interest, except as may be disclosed in the Kirkland Declarations.

18.     Kirkland may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases.   In the Kirkland Declarations, Kirkland disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.   Kirkland will update the Kirkland Declarations or file additional ones, as appropriate, if Kirkland becomes aware of relevant and material new information.

19.     Kirkland performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

20.     Except to the extent of the advance payments paid to Kirkland that Kirkland previously disclosed to this Court in the Kirkland Declarations, Kirkland has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

21.     Pursuant to Bankruptcy Rule 2016(b), Kirkland has not shared, nor has Kirkland agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Kirkland or (b) any compensation another person or party has received or may receive.

## Summary of Compliance with Interim Compensation Order

22.     This Fee Application has been prepared in accordance with the Interim Compensation Order.   Kirkland seeks compensation for professional services rendered to the Debtors during the Fee Period in the amount of $3,008,344.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of

$73,995.96.  During the Fee Period, Kirkland attorneys and paraprofessionals expended a total of 3,614.30 hours for which compensation is requested.

23.      In accordance with the Interim Compensation Order, as of the date hereof, Kirkland has received payments totaling $2,752,248.91 ($2,692,746.10 of which was for services provided and $59,502.81 of which was for reimbursement of expenses) for the Fee Period.  Kirkland has sought payments totaling $945,488.59 under the Interim Compensation Order pursuant to the Monthly Fee Statements.  Kirkland has submitted the Monthly Fee Statements seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by Kirkland and (b) 100% of the actual and necessary costs and expenses incurred by Kirkland in connection with the services provided to the Debtors for each month.

24.      Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, Kirkland seeks payment of the remaining $315,598.40, which represents the 20% holdback amount on fees incurred during the Fee Period and all outstanding amounts requested under any Monthly Fee Statements.

## Fees and Expenses Incurred During Fee Period

**A.      Customary Billing Disclosures**.

25.      Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by Kirkland in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Kirkland for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructurings and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court

9

and all parties-in-interest, attached hereto as **Exhibit E** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.    Fees Incurred During Fee Period.**

26.    In the ordinary course of Kirkland's practice, Kirkland maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Kirkland's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim fee application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 660] (the "Retention Application").

**C.    Expenses Incurred During Fee Period.**

27.    In the ordinary course of Kirkland's practice, Kirkland maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.  Kirkland currently charges $0.16 per page for

10

standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the W.PA.LBRs, Kirkland charged no more than $0.10 per page for standard duplication services in these chapter 11 cases. Kirkland does not charge its clients for incoming facsimile transmissions.

28.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit G** is a summary of expenses incurred during the Fee Period and setting forth the total amount of reimbursement sought with respect to each category of expenses for which Kirkland is seeking reimbursement.

**Summary of Legal Services Rendered During the Fee Period**

29.    As discussed above, during the Fee Period, Kirkland provided extensive and important professional services to the Debtors in connection with these chapter 11 cases. These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

30.    To provide a meaningful summary of Kirkland's services provided on behalf of the Debtors and their estates, Kirkland has established, in accordance with its internal billing procedures, certain subject matter categories (each, a "Matter Category") in connection with these chapter 11 cases. The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 7 | Chapter 11 Filing | 271.30 | $216,166.00 |
| 8 | Adversary Proceedings & Contested Matters | 11.60 | $7,005.50 |
| 9 | Automatic Stay Issues | 3.20 | $2,222.00 |
| 10 | Business Operations | 86.80 | $69,421.50 |
| 11 | Case Administration | 196.10 | $131,086.50 |

11

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 12 | Cash Collateral, DIP Fin. & Debt Finance | 281.00 | $235,744.00 |
| 13 | Cash Management | 0.20 | $167.00 |
| 14 | Claims Analysis, Objections, Resolution | 181.10 | $122,696.50 |
| 15 | Corporate and Governance Matters | 65.30 | $54,652.00 |
| 16 | Creditor Committee Issues | 40.60 | $36,412.00 |
| 17 | Disclosure Statement, Plan, Confirmation | 1,245.20 | $1,094,623.50 |
| 18 | Employee Issues | 13.90 | $12,458.50 |
| 19 | Executory Contracts and Unexpired Leases | 122.20 | $94,776.50 |
| 20 | Hearings | 104.90 | $84,239.00 |
| 21 | Insurance | 6.90 | $6,796.50 |
| 22 | K&E Fee, Employment Applications, Object | 163.30 | $96,472.50 |
| 23 | Non-K&E Fee and Employment Applications | 120.10 | $86,332.50 |
| 24 | Schedule and SOFAs | 51.30 | $36,712.50 |
| 25 | Tax Issues | 120.50 | $137,260.50 |
| 26 | Travel | 84.20 | $75,078.50 |
| 27 | U.S. Trustee Communications | 30.30 | $22,336.50 |
| 28 | Use, Sale & Disp. of Prop., Store Close | 31.70 | $23,869.50 |
| 29 | Utilities | 85.30 | $55,869.50 |
| 31 | Potential Claims Analysis | 297.30 | $305,945.50 |

31.     The following is a summary, by Matter Category, of the most significant professional services provided by Kirkland during the Fee Period.  This summary is organized in accordance with Kirkland's internal system of matter numbers.  The detailed descriptions demonstrate that Kirkland was heavily involved in performing services for the Debtors on a daily basis, often including night, weekend, and holiday work, to meet the needs of the Debtors' estates in these chapter 11 cases.

32.     A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by Kirkland partners, associates, and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.  **Exhibit D** is Kirkland's budget and staffing plan for this Fee Period, which has been approved by the Debtors.

33.     In addition, Kirkland's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I**, and

Kirkland's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit J**.

(a)        **Chapter 11 Filing (Matter No. 7)**

Total Fees:    $216,166.00
Total Hours:   271.30

34.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period with respect, among other things:  (a) the chapter 11 cases commenced on the Petition Date; (b) entry of "first day" order and related compliance; and (c) preparation for the "first day" hearing before the Court.

(b)        **Adversary Proceedings and Contested Matters (Matter No. 8)**

Total Fees:    $7,005.50
Total Hours:   11.60

35.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals related to any discovery and diligence requests filed by various parties-in-interest, including in connection with relief sought in the Debtors' first- and second-day motions and preparing materials for litigated matters.

(c)        **Automatic Stay Issues (Matter No. 9)**

Total Fees:    $2,222.00
Total Hours:   3.20

36.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to enforcing the automatic stay.  Specifically, Kirkland attorneys and paraprofessionals spent time:  (a) responding to informal inquiries from certain parties-in-interest to lift the automatic stay and (b) responding to potential violations of the automatic stay.

13

(d)      **Business Operation (Matter No. 10)**

Total Fees:    $69,421.50
Total Hours:   86.80

37.     This Matter Category includes time spent by Kirkland attorneys advising the

Debtors' management team on process and strategies to ensure the operation of the Debtors'

business with minimal disruption while complying with all provisions of the Bankruptcy Code and

the first- and second-day orders entered by the Court.   Specifically, Kirkland attorneys and

paraprofessionals spent time:  (a) strategizing with management and the Debtors' other advisors

regarding processes to stabilize the business and ensure uninterrupted operations; (b) addressing

issues related to the Debtors' relationships with certain vendors, landlords, and contract

counterparties; and (c) assisting the Debtors with their compliance with chapter 11 operating and

reporting requirements.

(e)      **Case Administration (Matter No. 11)**

Total Fees:    $131.086.50
Total Hours:   196.10

38.     This Matter Category includes time spent on a variety of tasks that were necessary

to ensure the efficient and smooth administration of legal services related to the Debtors' chapter

11 cases.  Among other things, Kirkland attorneys and paraprofessionals spent time:

(a)      coordinating, managing, and administering these chapter 11 cases on a
daily basis, including monitoring critical dates and maintaining a case
calendar, task lists, and work-in-progress reports;

(b)      establishing procedures for case administration and docket monitoring;

(c)      organizing and maintaining voluminous document files for these cases;

(d)      ensuring compliance with the service and notice requirements of the
Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including
coordinating service of pleadings and other related notices with
Kurtzman Carson Consultants LLC ("KCC"), the notice and claims
agent retained in these chapter 11 cases;

14

(e)      facilitating compliance with all of the other applicable requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders or procedures issued by the Court;

(f)      conducting regular conferences internally with both restructuring and litigation teams, and with the Debtors and their other advisors regarding the overall case status and high-level strategy; and

(g)      in connection with numerous pleadings, preparing notices of motions, proposed orders, exhibits, and schedules, and coordinating the delivery of such pleadings to the Court and to the U.S. Trustee. [4]

**(f)     Cash Collateral, DIP Financing & Debt Finance (Matter No. 12)**

Total Fees:    $235,744.00
Total Hours:   281.00

39.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals addressing issues related to, among other things: (a) the finalization and execution on the Debtors' debtor-in-possession credit facilities; (b) responding to requests for information or compliance questions from the Debtors related to the same; (c) engaging with various stakeholder groups regarding the Debtors' financing; and (d) additional matters related to the foregoing.

**(g)     Cash Management (Matter No. 13)**

Total Fees:    $167.00
Total Hours:   0.20

40.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals negotiating and securing the consent and approval of the Debtors' cash

---

[4]    To the extent possible, Kirkland paraprofessionals attended to these matters. In addition, Kirkland paraprofessionals monitored the dockets for these chapter 11 cases to track the filing of pleadings and to remain apprised of critical dates, including those related to such pleadings. For each pleading filed, Kirkland paraprofessionals ensured that the appropriate attorneys and personnel of the Debtors and the Debtors' other advisors remained apprised of the filed documents and relevant objection and response deadlines, hearing dates and other critical dates.

management system during these chapter 11 on a final basis [Docket No. 513] (the "Cash Management Order"), as well as related matters.

### (h)  Claims Analysis, Objections, Resolution (Matter No. 14)

Total Fees:   $122,696.50
Total Hours:  181.10

41.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals relating to the administration and resolution of claims against the Debtors' estates.  Specifically, Kirkland attorneys and paraprofessionals spent time on, among other things: (a) analyzing and researching issues related to the bar date and notice thereof; (b) drafting and revising pleadings regarding the bar date and notice thereof;[5] and (c) coordinating with KCC and other parties regarding, among other issues, publication notice and timing issues.

### (i)  Corporate and Governance Maters (Matter No. 15)

Total Fees:   $54,652.00
Total Hours:  65.30

42.    This Matter Category includes time spent by Kikland attorneys and paraprofessionals relating to corporate governance issues involving the Debtors.  Specifically, Kirkland attorneys spent time:  preparing for, and participating in, meetings with the Debtors' board of directors in connection with corporate and financial aspects of the chapter 11 process, reviewing securities filings and related documents, and addressing corporate or other matters with respect to the Debtors and their estates.

---

[5]    *See, e.g., Debtors' Motion For Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting PRoofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 359].

16

**(j)**    **Creditor Committee Issues (Matter No. 16)**

Total Fees:    $36,412.00
Total Hours:    40.60

43.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals engaging with the Creditors' Committee and its professionals, including through: (a) in-person meetings; (b) regular update calls; (c) coordinating and responding to diligence requests; and (d) informal dialogue and discussion on matters affecting the administration of these chapter 11 estates and the disposition of these chapter 11 cases.

**(k)**    **Disclosure Statement, Plan, Confirmation (Matter No. 17)**

Total Fees:    $1,094,623.50
Total Hours:    1,245.20

44.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals providing services related to developing the Plan and related Disclosure Statement.    Among other things, Kirkland attorneys and paraprofessionals spent time: (a) researching and reviewing precedent regarding legal and factual issues relevant to the chapter 11 plan process; (b) researching, drafting, negotiating, and revising a motion to extend the exclusive periods within which to file a plan of reorganization and solicit acceptances thereof; (c) drafting and filing a motion seeking approval of the Disclosure Statement and related solicitation procedures; (d) drafting pleadings and preparing for the confirmation of the Plan; and (d) engaging with various stakeholder groups and/or their advisors regarding the Debtors' ultimate emergence from chapter 11 and related terms.

17

(l)   **Employee Issues (Matter No. 18)**

Total Fees:    $12,458.50
Total Hours:   13.90

45.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals related to various issues involving the Debtors' employees and retirees.  Among other things, Kirkland attorneys and paraprofessionals spent significant time securing authorization for the Debtors to (a) pay prepetition wages and expenses and continue employee benefit programs, and (b) responding to diligence requests from the Debtors' secured lenders regarding prepetition employee incentive programs.

(m)   **Executory Contracts and Unexpired Leases (Matter No. 19)**

Total Fees:    $94,776.50
Total Hours:   122.20

46.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals addressing matters related to the disposition of the Debtors' portfolio of executory contracts and unexpired leases, including:  (a) preparing pleadings providing for procedures governing the expedited rejection of executory contracts; (b) preparing and filing notices and schedules of assumed and rejected unexpired leases and executory contracts; and (c) advising the Debtors with respect to their rights and obligations under such agreements under such agreements under relevant, non-bankruptcy law.

(n)   **Hearings (Matter No. 20)**

Total Fees:    $84,239.00
Total Hours:   104.90

47.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals providing services related to preparing for and attending the hearings during the Fee Period, including preparing agendas, orders, and binders related to the Hearings, settling orders

18

before and after the hearings, and corresponding with various parties in preparation for and after the hearings.

**(o)**     **Insurance (Matter No. 21)**

Total Fees:    $6,796.50
Total Hours:   6.90

48.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to insurance coverage and related issues.

**(p)**     **K&E Fee, Employment Applications, Objections (Matter No. 22)**

Total Fees:    $96,472.50
Total Hours:   163.30

49.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals providing services related to the retention of Kirkland as the Debtors' counsel. Specifically, Kirkland attorneys and paraprofessionals spent time:

(a)     preparing pleadings and a comprehensive conflicts analysis, which included running and reviewing reports related to the same;

(b)     implementing and following internally-established procedures, which require the continuous analysis of potential new conflicts;

(c)     preparing and filing the Retention Application;

(d)     engaging with the U.S. Trustee regarding the U.S. Trustee's informal comments to the Retention Application; and

(e)     reviewing and revising invoices regarding privilege and compliance with applicable guidelines and rules.

**(q)**     **Non-K&E Fee and Employment Applications (Matter No. 23)**

Total Fees:    $86,332.50
Total Hours:   120.10

50.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals providing services related to ensuring the retention of the Debtors' other

19

professionals in these chapter 11 cases and preparing and filing a motion to retain ordinary course professionals, which order was entered on June 28, 2017.[6]

### (r)    Schedule and SOFAs (Matter No. 24)

Total Fees:    $36,712.50
Total Hours:   51.30

51.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals providing services related to advising the Debtors and other advisors in connection with the preparation, review, revision, and filing of the Reorganized Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"). Specifically, Kirkland attorneys advised the Debtors regarding drafting the Schedules and Statements, attended regular conferences with the Debtors and their advisors regarding the same, and conferred and corresponded with the Debtors and Kirkland professionals regarding the monthly operating reports.

### (s)    Tax Issues (Matter No. 25)

Total Fees:    $137,260.50
Total Hours:   120.50

52.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals conducting legal research and analysis, and generally advising the Debtors in connection with tax issues relating to the Debtors' operations.  Specifically, Kirkland attorneys spent time researching and analyzing certain tax issues arising in connection with the Debtors' current business operations, employee and retiree obligations, and engaging in discussions with various stakeholders regarding the tax consequences of restructuring alternatives.

---

[6]    *See Modified Default Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 622].

(t)      **Travel (Matter No. 26)**

Total Fees:    $75,078.50
Total Hours:   84.20

53.     This Matter Category includes non-working travel time spent by Kirkland attorneys

and paraprofessionals in connection with their representation of the Debtors.   The amounts

requested in this Fee Application reflect a reduction of one-half of the charges for travel time not

spent working on matters related to these chapter 11 cases.

(u)      **U.S. Trustee Communications (Matter No. 27)**

Total Fees:    $22,336.50
Total Hours:   30.30

54.     This  Matter  Category  includes  time  spent  by  Kirkland  attorneys  and

paraprofessionals during the Fee Period related

(v)      **Use,  Sale  &  Disposition  of  Property,  Store  Closings
(Matter No. 28)**

Total Fees:    $23,869.50
Total Hours:   31.70

55.     This  Matter  Category  includes  time  spent  by  Kirkland  attorneys  and

paraprofessionals during the Fee Period related to the Debtors' continued operation of their store

locations  as  well  as  store  closing  sales.   Specifically, Kirkland attorneys and paraprofessionals

spent time:  (a) coordinating the store closing process with the Debtors' store closing consultant,

Gordon Bros. and (b) drafted notices regarding additional store closing sales contemplated by the

Debtors during the course of these chapter 11 cases.

(w)      **Utilities (Matter No. 29)**

Total Fees:    $55,869.50
Total Hours:   85.30

56.     This  Matter  Category  includes  time  spent  by  Kirkland  attorneys  and

paraprofessionals related to utility providers and the continuation of utility services.   The Court

21

approved the Debtors' motion to determine adequate assurance of payment to utility providers on June 12, 2017.[7] Specifically, Kirkland attorneys and paraprofessionals spent time researching issues surrounding adequate assurance and corresponding with utility providers regarding notice of the case, temporary termination of services, and terms and conditions of new contracts.

**(x)    Potential Claims Analysis (Matter No. 31)**

        Total Fees:    $305,945.50
        Total Hours:  297.30

57.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to the investigation of potential claims of the Debtors' estates against third parties.

**Actual and Necessary Expenses Incurred by Kirkland**

58.    As set forth in **Exhibit K** attached hereto, and as summarized in **Exhibit F** attached hereto, Kirkland has incurred a total of $73,995.96 in expenses on behalf of the Debtors during the Fee Period. These charges are intended to reimburse Kirkland's direct operating costs, which are not incorporated into the Kirkland hourly billing rates. Kirkland charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of the types set forth in **Exhibit K** of this Fee Application are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require extensive photocopying and other facilities and services.

---

7    *See Final Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Determining Adequate Assurance of PAyment for Future Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, and (IV) Granting Related Relief* [Docket No. 508].

**Reasonable and Necessary Services Provided by Kirkland**

**A.   Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

59.     The foregoing professional services provided by Kirkland on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

60.     Many of the services performed by partners and associates of Kirkland were provided by Kirkland's Restructuring Group.  Kirkland has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with more than 100 attorneys focusing on this area of the law.  The attorneys at Kirkland have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

61.     In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from Kirkland's Litigation, Corporate, and Tax Groups were heavily involved with Kirkland's representation of the Debtors during the Fee Period.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, Kirkland brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.   Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

62.     The time constraints imposed by the circumstances of these chapter 11 cases required Kirkland attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties-in-interest on a timely basis, satisfy the demands of the Debtors' business, and ensure the orderly administration of their estates.  Consistent with firm policy, and as further disclosed in the Retention Application,

23

Kirkland attorneys and other Kirkland employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. Kirkland's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

63.    In addition, due to the location of the Debtors' business, co-counsel, creditors, and other parties-in-interest in relation to Kirkland's offices, frequent multi-party telephone conferences involving numerous parties were required. On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials. The disbursements for such services are not included in Kirkland's overhead for the purpose of setting billing rates, and Kirkland has made every effort to minimize its disbursements in these chapter 11 cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

64.    Among other things, Kirkland makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, Kirkland regularly reviews its bills to ensure that the Debtors are billed for only services that were actual and necessary, and also, where appropriate, prorates expenses across the Debtors' estates. In accordance with the Retention Order, Kirkland does not seek reimbursement of expenses for office supplies pursuant to this Fee Application. In the Fee Period, Kirkland voluntarily reduced its fees by $76,569.50 and its expenses by $2,472.13. Consequently, Kirkland does not seek payment of such fees or reimbursement of such expenses in this Fee Application.

24

**Kirkland's Requested Compensation and Reimbursement Should be Allowed**

65.     Section 331 of the Bankruptcy Code provides for compensation of professionals

and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the

Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court

may award a professional employed under section 327 of the Bankruptcy Code "reasonable

compensation for actual necessary services rendered . . . and reimbursement for actual, necessary

expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such

compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court
> should consider the nature, extent, and the value of such services, taking into
> account all relevant factors, including—
>
> (f)     the time spent on such services;
>
> (g)     the rates charged for such services;
>
> (h)     whether the services were necessary to the
> administration of, or beneficial at the time at which the
> service was rendered toward the completion of, a case
> under this title;
>
> (i)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task
> addressed; and
>
> (j)     whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

66.     Kirkland respectfully submits that the services for which it seeks compensation in

this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and

their estates and were rendered to protect and preserve the Debtors' estates.  Kirkland further

believes that it performed the services for the Debtors economically, effectively, and efficiently,

and that the results obtained benefited not only the Debtors, but also the Debtors' estates and the

25

Debtors' stakeholders.  Kirkland further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

67.    During the Fee Period, Kirkland's hourly billing rates for attorneys ranged from $555.00 to $1,625.00.  The hourly rates and corresponding rate structure utilized by Kirkland in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Kirkland for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Kirkland strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

68.    Moreover, Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

69.    In sum, Kirkland respectfully submits that the professional services provided by Kirkland on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Kirkland, the nature and extent of Kirkland's services provided, the value of Kirkland's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in

section 330 of the Bankruptcy Code.  Accordingly, Kirkland respectfully submits that approval of the compensation sought herein is warranted and should be approved.

70.    No previous application for the relief sought herein has been made to this or any other court.

## **Notice**

71.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  Kirkland reserves the right to include such amounts in future fee applications.  In addition, the Debtors will provide notice of this Application to:  (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) counsel to the ABL Agent and the DIP ABL Agent; (d) counsel to the Term Loan Agent and the DIP Term Loan Agent; (e) counsel to the Indenture Trustee; (f) counsel to Apax Partners, L.P.; (g) the United States Attorney's Office for the Western District of Pennsylvania; (h) the Internal Revenue Service; (i) the office of the attorneys general for the states in which the Debtors operate; (j) the Securities and Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

72.    No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, Kirkland respectfully requests that the Court enter an order (a) awarding Kirkland compensation for professional and paraprofessional services provided during the Fee Period in the amount of $3,008,344.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $73,995.96; (b) authorizing and directing the Debtors to remit payment to Kirkland for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated:  November 6, 2017

|  | */s/ Jared S. Roach* |
|---|---|
| Jonathan S. Henes, P.C. (admitted *pro hac vice*) | Eric A. Schaffer (PA I.D. #30797) |
| Robert A. Britton (admitted *pro hac vice*) | Jared S. Roach (PA I.D. #307541) |
| George Klidonas (admitted *pro hac vice*) | **REED SMITH LLP** |
| **KIRKLAND & ELLIS LLP** | 225 Fifth Avenue |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Pittsburgh, Pennsylvania 15222 |
| 601 Lexington Avenue | Telephone:    (412) 288-3131 |
| New York, New York 10022 | Facsimile:    (412) 288-3063 |
| Telephone:    (212) 446-4800 | |
| Facsimile:    (212) 446-4900 | *Local Counsel to the Debtors and* |
| | *Debtors in Possession* |
| *Counsel to the* | |
| *Debtors and Debtors in Possession* | |